# UNITED STATES DISTRICT COURT

## for the

## MIDDLE DISTRICT OF FLORIDA

## TAMPA DIVISION

| | |
|---|---|
| GREGORY DOCTOR )<br>       **Plaintiff,** )<br>**v.** )<br>       )<br>**SANTANDER CONSUMER USA,** )<br>**INC., B & P AUTO RECOVERY** )<br>**SERVICES, INC., KERRY BENOIT,** )<br>**and KRISTINE HEDGE** )<br>       **Defendants.** ) | **Civil Action File No.**<br>8:21 cv 2092 WFJ-cpT<br><br><br><br>**JURY TRIAL DEMAND** |

## COMPLAINT FOR DAMAGES

COMES NOW Plaintiff Gregory Doctor (hereinafter "Plaintiff"), by and through his counsel of record, and files this Complaint for Damages, showing unto the Court as follows:

## PRELIMINARY STATEMENT

On the morning of September 19, 2017, Defendant Kerry Benoit (Hereinafter "Defendant Benoit") and Defendant Kristine Hedge (hereinafter "Defendant Hedge"), agents of Defendant B & P Auto Recovery Services, Inc. (hereinafter Defendant "B & P") acting at the behest of the Defendant Santander Consumer USA Inc. (hereinafter "Defendant Santander"), engaged in a self-help repossession of Plaintiff's Nissan Altima, forcibly removing the vehicle from the private property of a Burger King parking lot in Polk County Florida. The agents of Defendant B &

1



P breached the peace in the course of this repossession by driving off while Plaintiff was partially in the vehicle, dragging Plaintiff along the ground, resulting in substantial bodily injuries and other associated damages to to Plaintiff.

## I.   PARTIES

1.   Plaintiff, Gregory Doctor, is an adult resident of the State of Georgia. Plaintiff resides at 5450 Glenridge Drive, Atlanta, Georgia 30342.

2.   Defendant Santander Consumer USA Inc. is a Dallas corporation with its principal place of business located at 1999 Bryan Street, Suite 900, Dallas, Texas 75201.

3.   Defendant Santander may be served with a copy of summons and complaint through its registered agent, CT Corporation System at 1999 Bryan Street, Suite 900, Dallas, Texas 75201 or as allowed by law.

4.   Defendant B & P Auto Recovery is a Florida corporation with its principal place of business located at 701 Pine Street, Orlando, Florida 32824.

5.   Defendant B & P may be served with a copy of summons and complaint through its registered agent, Anthony Mojica at 1426 Simpson Boulevard, #45, Kissimmee, Florida 34744 or as allowed by law.

6.   Defendant Kerry Benoit is an adult resident of the State of Florida and employed by B & P Auto Recovery Services.

7.     Defendant Kerry Benoit may be served with a copy of summons and complaint at her last known address 1163 Lakeshore Boulevard, Kissimmee Florida 34744 or at her place of work located at 701 Pine Street, Orlando, Florida 32824 or anyplace she may be found as allowed by law.

8.     Defendant Kristine Hedge is an adult resident of the State of Florida and employed by B & P Auto Recovery Services.

9.     Defendant Kristine Hedge may be served with a copy of summons and complaint at her place of work located at 701 Pine Street, Orlando, Florida 32824 or as allowed by law.

## II.     JURISDICTION & VENUE

10.     The original contract was entered and executed in Fulton County, by Plaintiff a resident of Fulton County, Georgia and all of the provisions and terms of the contract were performed within the boundaries of Fulton County Georgia.

11.     Defendant Santander Consumer Inc. is a Texas Corporation

12.     Defendant B& P is a Florida Corporation, incorporated under the laws of the State of Florida and is thus subject to the jurisdiction of this court.

13.     Defendant Kerry Benoit is a Florida Resident and is subject to the jurisdiction of this court.

14.     Defendant Kristine Hedge is a Florida Resident and is subject to the jurisdiction of this court.

3

15.    Under 28 U.S.C. §1332 Federal Jurisdiction exists as there is diversity of citizenship between the parties and an amount of more than $75,000 is at stake in this case.

16.    The underlying events and circumstances giving rise to this claim occurred in Polk County, Florida; thus, Venue is proper.

### III.  FACTS

17.    In November 2015, Plaintiff entered into a contract to purchase a 2015 Nissan Altima from Nissan South of Union City for approximately $26,000.00.

18.    Plaintiff's car was financed pursuant to arrangement made by Nissan South of Union City through Defendant Santander.  Plaintiff was to pay off the balance due on the Nissan Altima in installments.

19.    Plaintiff made a down payment of one thousand dollars ($1,000.00) at the time of purchase with the first installment to Defendant Santander commencing in December 2015.

20.    Plaintiff's monthly payments were $625.00 for a term of 60 months.

21.    Plaintiff, a disabled military veteran, made the majority of his installment payments by the due date until his disability benefits were significantly reduced. As a result of this benefit reduction, Plaintiff occasionally made use of the

five (5) day grace period or made partial payments during some months, which became the parties' standard course of dealings.

22.     Plaintiff experienced financial difficulties and as a result was forced to file bankruptcy in the USDC Northern District of Georgia at 17-67380-lrc.

23.     Upon information and belief pursuant to Federal Bankruptcy Court procedure all creditors, including Defendant Santander were notified of Plaintiff's Bankruptcy filing.

24.     Plaintiff, relying to his detriment, on his prior dealings with Defendant Santander and its ramifications by acceptance, and his filing of a valid petition for  bankruptcy, intending to handle the outstanding debt via his Chapter 7 Bankruptcy Estate as is the ordinary custom once Federal Bankruptcy protection is sought.   On September 19, 2017, two (2) agents of Defendant B & P Auto repossessed Plaintiff's vehicle on behalf of Defendant Santander.

25.     The illegal repossession took place at approximately 10:30 a.m. on September 19, 2017 in the parking lot of Burger King located at 44149 US-27, Davenport, Florida while Plaintiff was a patron at the restaurant.

26.     At the direction of Defendant Kenny Benoit, an employee of Defendant B & P Auto charged with spotting vehicles due for repossession, Defendant Kristine Hedge attempted to tow Plaintiff's vehicle from the parking lot.

27.    Defendant B & P Auto Recovery, Inc. is a Florida Corporation with a date of incorporation of October 24, 2007. Pursuant to principles of Respondeat Superior, Defendant B & P Auto is civilly liable for the tortious acts of B & P Auto and its agents.

28.    Plaintiff came out of the Burger King to find his car being placed on the tow truck by Defendant Hedge.

29.    Plaintiff spoke with Defendant Hedge who agreed to allow Plaintiff to remove his personal belonging from the vehicle.

30.    Defendant Hedge advised Plaintiff she would allow him an opportunity to remove his belongings from the vehicle once she moved the vehicle up a few feet from blocking the front door of the restaurant.

31.    Plaintiff entered the vehicle to remove his belongings as agreed, when suddenly and without warning Defendant Hedge began to drive the tow truck while Plaintiff was partially in the vehicle.

32.    As a result of Defendant Hedge's breach of the peace in exacting this repossession, Plaintiff was dragged across the ground in the Burger King Parking, and further out into the street as Defendant Hedge drove the tow truck with the vehicle in tow.

33.    Plaintiff fell to the ground and sustained multiple injuries from being dragged across the pavement and abruptly slamming to the ground once detached

from the vehicle in tow.  As a result, Plaintiff was subsequently taken to the emergency room at Orlando Regional Medical Center for treatment of his injuries.

34.    As a result of the above-described incident, Plaintiff underwent several surgeries and suffered and continues to suffer physical and mental pain and anguish. Furthermore, Plaintiff has sustained permanent injuries, has incurred medical expenses and will incur future medical expenses for medical care and treatment from the resulting injuries.

35.    Plaintiff was in Florida to perform work on a FEMA contract for storm relief.

36.    As a result of the injuries from this incident, Plaintiff was unable to continue work as a FEMA contractor and subsequently lost his contract.

37.    Plaintiff has suffered and continues to suffer a diminution in the quality of his physical health and quality of life as a direct result of the above-described incident as well as the other injuries described herein.

## IV. VIOLATION OF THE FAIR DEBT COLLECTION PRACTICES ACT

38.    Plaintiff incorporates herein by reference paragraphs 1 through 32 of this complaint as if fully set forth herein.

39.     Plaintiff is a considered a "consumer" as the term is defined under the FDCPA, 15 U.S.C. § 1692 (a)(3) in that he is a natural person obligated or allegedly obligated to pay a "debt".

40.     Defendants are or are agents of debt collectors within the meaning of 15 U.S.C. §1692(a)(6) in that they are persons who use an instrumentality of interstate commerce or the mails in a business the principal purpose of which is the collection of debts and the enforcement of security interests.

41. The purported debt which defendants attempted to collect from Plaintiff is a debt within the meaning of 15 U.S.C. §1692 (a)(5). Defendants sought enforcement of a security interest related to Plaintiff's obligation or alleged obligation to pay money to Defendant Santander, arising out of a transaction in which the property which was the subject of the transaction (plaintiff's vehicle) primarily for personal, family or household purposes was the item securing the alleged debt.

42. Defendants violated 15 U.S.C. §1692(f)(6) of the FDCPA by taking nonjudicial action to effect dispossession or disablement of property when there was no present right to retain possession of the property claimed as collateral through an enforceable security interest. Upon Plaintiff's filing for Bankruptcy Defendant failed to return the property, which it had taken possession of, and Defendants had no present right to retain the Plaintiff's repossessed vehicle. Moreover, Defendants were not entitled to self-help non-judicial repossession of

the vehicle in breach of the peace but did so in violation of Federal law and the Georgia and Florida Codes.

43. The FDCPA, Georgia Code and Florida Code prohibit a debt collector from engaging in unfair or unconscionable means to collect or attempt to collect a debt, including taking any non-judicial action to effect dispossession or disablement of property when there is no present right to do so. 15 U.S.C. §1692 (a)(5).

44. Defendants repossessed Plaintiff's vehicle and despite knowledge of Plaintiff's bankruptcy filing failed to return the property when it had no lawful present right to retain the property.

45. As a direct and proximate result of Defendant's violations of the FDCPA, Plaintiff has been damaged in amount to be proven at trial.

46. Plaintiff is entitled to recover his actual damages pursuant to 15 U.S.C. §1692k (a)(1).

47. Plaintiff is entitled to recover statutory damages under 15 U.S.C. §1692k (a)(3).

48. Plaintiff is entitled to recover his attorney's fees and costs pursuant to 15 U.S.C. §1692 (a)(3).

# V. <u>VIOLATION OF THE AUTOMATIC STAY IMPOSED UNDER USC 11 U.S.C. § 362(k) FOR CITIZENS FILING FOR FEDERAL BANKRUPCTY PROTECTION</u>

49.     Plaintiff Gregory Doctor filed Chapter 7 bankruptcy in case number 17-67380-lrc in the Northern District of Georgia on October 3,2017.

50.     Pursuant to 11 USC § 362(a) Plaintiff is entitled to federal bankruptcy protection and an automatic stay applies to all entities.

51.     Plaintiff's automatic stay claim is a core proceeding under 28 U.S.C. § 157(b)(2) (see *In re Gruntz*, 202 F.3d 1074, 1081 (9th Cir. 2000); *In re Goodman*, 991 F.2d 613, 617 (9th Cir. 1993).

52.     Defendant received actual notice of the automatic stay in plaintiff's case from the bankruptcy noticing center and from plaintiff's counsel.

53.     After receiving actual notice of the automatic stay, Defendant Santander filed a Motion to Lift the Automatic Stay on October 26, 2017.

54.     Despite Defendant Santander having already proceeded with the self-help repossession of Plaintiff's vehicle through Defendant B&P and its' employees Defendants Hedge and Benoit in violation of the Automatic Stay, Defendant Santander filed this motion in an effort to cover its tracks of its clear violation of Plaintiff's right to the automatic stay as it's counsel duped the court into thinking an arrangement was made between the debtor and the creditor for the agreed upon voluntary relinquishment of the vehicle, which Defendant Santander knew was untrue as the vehicle was already in their possession.  Likewise, per 11 USC §

362(b)(2)(A) in the notice provided by the Bankruptcy court all persons provided with such notice are advised knowingly and fraudulently concealing assets or making false oaths or statements are subject to penalty.

55.     Plaintiff shows, pursuant to 11 USC § 541(a) Plaintiff still had legal and equitable interest in the repossessed vehicle at the commencement of the Bankruptcy estate and therefore said vehicle should have been included in the Estate and returned to the Plaintiff until the disposition of said property was determined by the Bankruptcy Court.

56.     Defendant's conduct as alleged above caused plaintiff' s financial and physical injuries from violently being drug across the pavement, as well as sleepless nights, anxiety and other significant emotional harm distinct from the inherent stress of the normal bankruptcy process.

57.     The bankruptcy notice provided to defendant warned that violating the automatic stay could subject it to penalties. Case 17-67380-lrc Doc 1 Filed 10/19/16

58.     Defendant's conduct as alleged above was in pursuit of profit, and constituted a wanton, outrageous and oppressive violation of plaintiff's right to be free from collection activities during bankruptcy.

## VI.   DAMAGES FOR PER SE NEGLIGENCE PURSUANT TO VIOLATIONS OF O.C.G.A. §11-9-609, §11-9-625 and Fla. Stats. §679.609 and §715.07

59.   Plaintiff repeats and re-alleges paragraphs 1 through 58 hereof, as if fully set forth herein.

60.   Plaintiff shows pursuant to O.C.G.A. §11-9-609 and §11-9-625, he is entitled to damages, as O.C.G.A. §11-9-609 (b)(2) allows for a secured party to take possession, "without judicial process, if it proceeds without breach of the peace.", and O.C.G.A. §11-9-625 (b) allows for, "damages for non-compliance..."

61.   Plaintiff shows Fla. Stat. §679.609(1)(a) allows for a secured party to take possession of collateral after default, subject to Fla. Stat. §679.609(2)(b), which allows for the possession to take place, "without judicial process, if it proceeds without breach of the peace."   Accordingly, Plaintiff is entitled to damages.

62.   Plaintiff shows Fla. Stat. §715.07(1)(a) provides that towing or removal of any vehicle or vessel from private property without the consent of the registered owner or other legally authorized person in control of that vehicle or vessel is subject to strict compliance with the following conditions and restrictions, which include in Fla. Stat. §715.07(b)(2), "A person in the process of towing or removing a vehicle or vessel from the premises or parking lot in which the vehicle or vessel is not lawfully parked must stop when a person seeks the return

12

of the vehicle or vessel. The vehicle or vessel must be returned upon the payment of a reasonable service fee of not more than one-half of the posted rate for the towing or removal service as provided in subparagraph 6.

63.    Defendant B&P by and through its' agents Defendant Hedge and Defendant Benoit unquestionably breached the peace when, during the vehicle repossession, Defendant Hedge dragged Plaintiff along the ground as he attempted to retrieve his possessions per the permission given by Defendant Hedge, which resulted in substantial injuries to Plaintiff.

64.    By reason of the foregoing, Defendant is liable for all damages.

## COUNT VII.    <u>AGGRAVATED CIVIL BATTERY DEFENDANT CHRISTINE HEDGE</u>

65.    Plaintiff repeats and re-alleges paragraphs 1 through 64 hereof, as if fully set forth herein.

66.    Plaintiff shows that as a result of Defendant Hedge's actions in towing his vehicle while he was still attempting to retrieve his items from the vehicle, Plaintiff was battered by Defendant Hedge and therefore is entitled to damages.

67.    For Defendant Hedge's tortious act of dragging Plaintiff across the ground, Defendants Santander, B & P and Hedge are all liable for the tort of battery.

## VII.   AGGRAVATED CIVIL ASSAULT CHRISTINE HEDGE & KERRY BENOIT

68.   Plaintiff repeats and re-alleges paragraphs 1 through 67 hereof, as if fully set forth herein.

69.   Plaintiff experienced abject fear, anxiety and worry when he realized his vehicle was being towed while, with Defendants Benoit and Hedge's permission, he was still accessing the same and therefore is entitled to damages.

70.   Plaintiff feared impending death when he was dragged across the parking lot as Defendant Hedge drove off the lot with Plaintiff partially still inside Plaintiff's vehicle while it was being towed away.

71. As a result Plaintiff shows that he was assaulted by Defendants Hedge and Benoit and is entitled to a measure of damages as determined by the enlightened conscious of a jury.

## VIII.      PUNITIVE DAMAGES

72.   Plaintiff incorporates hereby reference paragraphs 1 through 71 of this Complaint as if fully set forth herein.

73.   The forgoing acts of Defendants amount to willful misconduct, malice, wantonness, oppression, or the total want of care which would raise the presumption of conscious indifference to the consequences of their actions.

74.   Defendants' intentional acts authorize an award of punitive damages.

14

75.    The foregoing acts of the Defendants have been the actual and proximate cause of Plaintiff's injuries and damages, which are described herein above and include, but are not limited to, physical, emotional and mental pain and suffering, anguish, embarrassment and humiliation.

76.    Plaintiff is entitled to recover reasonable attorney fees for punitive damages from the Defendants for all purposes, including but not limited to deterring the Defendants from repeating such acts and omissions with other consumers, which may result in similar or worse consequences to other individuals.

## COUNT IX.        **RECOVERY OF ATTORNEY FEES**

77.    Plaintiffs hereby incorporates by reference paragraphs 1 through 76 of this Complaint as if fully set forth herein.

78.    Plaintiffs are entitled to reasonable attorney fees and expenses of litigation for having to bring this action.

## **PRAYER**

**WHEREFORE**, Plaintiff prays for judgment and relief as follows:

a.  That process and summons issue requiring Defendants to appear as provided by law and to answer allegations of this Complaint;

b.  That Plaintiff have a trial by jury;

c. That Plaintiff recovers a verdict and judgment on all counts against Defendants for general and special damages in an amount to be proven at trial;

d. That Plaintiff recovers a verdict and judgment against the Defendants for punitive damages pursuant; and

e. That Plaintiff recovers a verdict and judgement against Defendants for attorney's fees and expenses of litigation; and

f. That all costs be cast against the Defendants; and

g. For such other relief as this Court deems just and proper.

This 26th day of August 2021.

Respectfully submitted,

Ricardo S. Mosby
Georgia Bar No. 526839
Attorney for Defendant
260 Peachtree Street, Suite 1403
Atlanta, Georgia 30303
Ph:     (404) 748-9305
Fax:    (404) 748-9312
Email: efile@mosbylawfirm.com, or
          admin@mosbylawfirm.com